UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN KEITH FLOYD, | No. 2:18-cv-02470 CKD P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT JONES, | |
| Defendant. | |

Plaintiff is a Sacramento County jail inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

Plaintiff is in custody at the Rio Cosumnes Correctional Center. As an inmate at that local jail facility, plaintiff alleges that he has been denied the right to possess a Bible because he is not

allowed to take it with him when he leaves his housing unit according to a provision in the Inmate Handbook. ECF No. 1 at 3.

### III. Legal Standards

#### A. Free Exercise of Religion Claim

The First Amendment protects the right to the free exercise of religion. A religious claim must satisfy two criteria to merit protection under the free exercise clause of the First Amendment: (1) "the claimant's proffered belief must be sincerely held and (2) "the claim must be rooted in religious belief, not in purely secular philosophical concerns." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (citations and internal quotation marks omitted). "A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Shabazz, 482 U.S. 342, 348 (1987)). "[A] prisoner's Free Exercise Clause claim will fail if the State shows that the challenged action is 'reasonably related to legitimate penological interests.'" Walker v. Beard, 789 F.3d 1125, 1138 (9th Cir. 2015) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

#### B. Fourteenth Amendment

"[T]he Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 322 (1972) ). "This does not mean, however, that all prisoners must receive identical treatment and resources." Hartmann, 707 F.3d at 1123 (citing Cruz, 405 U.S. at 322 n. 2; Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993); Allen v. Toombs, 827 F.2d 563, 569 (9th Cir. 1987) ). Rather, there must be "a good faith accommodation of the [prisoner's] rights in light of practical considerations." Allen, 827 F.2d at 569 (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ).

3

**C. RLUIPA Claim**

Pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government shows that the burden furthers "a compelling governmental interest" and does so by the "least restrictive means." 42 U.S.C. § 2000cc-1(a). To state a claim under RLUIPA, a prisoner must show that: (1) he takes part in a "religious exercise," and (2) the State's actions have substantially burdened that exercise. See Shakur, 514 F.3d at 888-89. If the prisoner satisfies those elements, then the State must prove its actions were the least restrictive means of furthering a compelling governmental interest. Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005).

**D. Monell Claim**

In order to plead a Section 1983 claim against a municipality for a violation of constitutional rights resulting from governmental inaction or omission, plaintiff must allege (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. #40 Cty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). A claim against a municipality involving an unconstitutional policy, practice, or custom is referred to as a "Monell claim." See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978). A plaintiff may establish Monell liability by "prov[ing] that an officer committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Wilson v. Fla. Dep't of Revenue, 2015 WL 136557, at *6 (N.D. Cal. Jan. 8, 2015) (internal quotation marks omitted). "In the alternative, Monell liability may be established where the 'individual who committed the constitutional tort was an official with final policy-making authority' or 'an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.'" Id. (internal citations omitted).

/////

### IV. Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Based on the vague allegations in the complaint, it is not clear whether plaintiff is asserting a claim for relief under the First Amendment's Free Exercise Clause, the Fourteenth Amendment's Equal Protection Clause, and/or a RLUIPA claim. Regardless of which legal theory plaintiff is attempting to pursue, plaintiff's complaint must be dismissed because it fails to state a claim under any of these provisions of federal law. Moreover, plaintiff fails to link any named defendant to the asserted violation. To the extent that plaintiff asserts that Sacramento County Sheriff Scott Jones is liable based on a citation to the Sheriff Department's Inmate Handbook, plaintiff is advised that there is no respondeat superior liability in civil rights actions. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that "liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."). This means that a supervisor cannot be held liable on the basis of their supervisory role alone. Additionally, the complaint does not contain sufficient allegations supporting a Monell claim. For all of these reasons, plaintiff's complaint will be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

### V. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.     Plain Language Summary for Pro Se Litigant**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Your complaint does not contain sufficient details to determine whether any violation of federal law was committed by any named defendant. This problem may be fixable so you are being given the chance to file an amended complaint within 30 days from the date of this order if you so choose.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////
/////
/////
/////

Dated: April 29, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/floy2470.14.new.docx